**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4314**

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

        v.

PHILLIP A. HARVIN,

             Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (5:07-cr-00209-F-1; 5:07-cr-00319-F)

Submitted:  January 5, 2009          Decided:  January 29, 2009

Before TRAXLER and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Phillip A. Harvin pled guilty to two bank robberies, one charged by indictment and one by a criminal information. In sentencing Harvin, the district court considered uncontested information that he had committed four additional bank robberies. The court declined to depart downward for substantial assistance on the government's motion, see U.S. Sentencing Guidelines Manual § 5K1.1, p.s. (2007), and instead departed upward from the advisory guideline range of 57-71 months to impose a term of 135 months imprisonment. Harvin contends on appeal that the sentence was procedurally and substantively unreasonable. We affirm.

Harvin first argues that the sentence was procedurally unreasonable because the court erred factually in finding that he committed six bank robberies when the only evidence of the sixth robbery was his own uncorroborated admission. We review a sentence for abuse of discretion. See Gall v. United States, 128 S. Ct. 586, 597 (2007). "The first step in this review requires us to 'ensure that the district court committed no significant procedural error, such as . . . improperly calculating . . . the Guidelines range.'" United States v. Osborne, 514 F.3d 377, 387 (4th Cir.) (quoting Gall, 128 S. Ct. at 597), cert. denied, 128 S. Ct. 2525 (2008). We then consider the substantive reasonableness of the sentence imposed, taking

2

into account the totality of the circumstances. Gall, 128 S. Ct. at 597. A significant procedural error may include "selecting a sentence based on clearly erroneous facts." Id.; see also United States v. Abu Ali, 528 F.3d 210, 260 (4th Cir. 2008) (quoting Gall).

Harvin contends that the sixth bank robbery was not established by any evidence apart from his own statement, which would not be enough to establish his guilt, without corroboration, if he were being tried for that robbery. However, for sentencing purposes, the district court may consider "any relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." USSG § 6A1.3, p.s.; see also 18 U.S.C. § 3661 (2006) (sentencing judge not limited to information admissible at trial).

The district court had before it Harvin's statement that he committed a fourth uncharged bank robbery, to which Harvin made no objection, even though the probation officer noted that the statement was uncorroborated. The court also heard a federal agent testify at sentencing that he was the case agent for "four of the six robberies." Again, Harvin made no objection. We conclude that the district court did not plainly err in accepting the premise that Harvin robbed six banks and

3

basing the departure on the total uncharged conduct. Further, because Harvin's claim that the departure was based on a factual error is without merit, we are satisfied that he has not shown that the sentence was the result of procedural error or that it is otherwise unreasonable.

Harvin also asserts that, in deciding not to depart for substantial assistance despite the government's § 5K1.1 motion, the district court failed to meet its obligations under 18 U.S.C. § 3553(a) (2006), making the sentence procedurally and substantively unreasonable. However, even after the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), this court lacks "the authority to review a sentencing court's denial of a downward departure unless the court failed to understand its authority to do so." United States v. Brewer, 520 F.3d 367, 371 (4th Cir. 2008). Harvin does not suggest that the district court failed to understand its authority to depart in his case, nor does the record indicate any uncertainty on this point. Therefore, the district court's decision is not reviewable. Id.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the

4

materials before the court and argument would not aid the decisional process.

AFFIRMED